# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **MARCUS DEMETRIUS MORGAN,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 7:07-cv-45 (HL) |
| **CHRIS YARBROUGH,** | : | |
| **JEFF CUTCHENS,** | : | |
| **SONNY PERDUE, Gov.,** | : | |
| Defendants. | : | |

# ORDER

This case marks the second appearance of Plaintiff, Marcus Morgan, before this Court. In each case, Morgan has complained that Defendants, Chris Yarbrough, Jeff Cutchens, and Sonny Perdue, have violated his rights by illegally increasing the term of a criminal sentence imposed on him by the State of Georgia.[1] Precisely how and why these Defendants allegedly accomplished these illegal acts is unclear to this Court and to counsel for Defendants, who have described Plaintiff's claims as nothing less than "convoluted." Despite their difficulty in deciphering Plaintiff's pleadings, Defendants have nevertheless undertaken to have those claims dismissed by means of the Motion to Dismiss (Doc. 2) currently before the Court.

---

[1] Plaintiff's first case was dismissed by Order entered March 30, 2007. Morgan v. Yarborough, No. 7:07-cv-16 (M.D. Ga. filed Feb. 5, 2007). The Court, unsure as to the allegations presented by Plaintiff's complaint, ruled in the alternative, holding either that the complaint was barred by the Supreme Court's decision in Heck v. Humphrey, 114 S. Ct. 2364 (1994), or that it should have been brought pursuant to 28 U.S.C. § 2254.

In support of their Motion to Dismiss, Defendants have offered eight theories:

1. Plaintiff has failed to state a claim upon which relief may be granted;

2. Plaintiff's claims are barred by res judicata;

3. Plaintiff is not entitled to monetary relief from Defendants;

4. Plaintiff cannot bring a 42 U.S.C. § 1983 action based upon respondeat superior;

5. Plaintiff cannot bring a claim of vicarious liability against Defendant Perdue;

6. Plaintiff's claims are barred by Rooker-Feldman;

7. Plaintiff's claims are barred by Heck v. Humphrey; and

8. Defendants are entitled to qualified immunity.

(Defs.' Br. Supp. at 1-2.) Plaintiff has responded to the Motion to Dismiss. However, his response brief is no more illuminating as to his claims or legal theories than is his complaint. Nevertheless, the Court must undertake to determine the viability of Plaintiff's claims as to these Defendants at this stage of the litigation.

Plaintiff has prepared his complaint on a form entitled "Questionnaire for Prisoners Proceeding Pro Se under 42 U.S.C. § 1983." In the "Statement of Claim" section of that form, he alleges that injury occurred to him on two dates: February 25, 2002, and June 19, 2006. With respect to the February 25, 2002, injury, he complains of conduct by Chris Yarbrough that somehow resulted in him receiving a sentence that was longer than allowed by law. With respect to the June 19, 2006, incident, Plaintiff complains of conduct by Jeff Cutchen that somehow resulted in him receiving a sentence that was longer than allowed by law. Plaintiff appears to be proceeding

against these Defendants pursuant to § 1983, but nowhere in his complaint does Plaintiff undertake to identify the federal constitutional or statutory basis for his cause of action.

Although Plaintiff's complaint attempts to identify the conduct of Cutchen and Yarbrough that caused his alleged injuries, nowhere in his complaint does Plaintiff identify any conduct attributable to Governor Perdue. The Court can only presume that Plaintiff is attempting to impose liability on Defendant Perdue because of his position as Governor of the State. However, liability under § 1983 must be predicated on more than a theory of respondeat superior. Cross v. State of Ala., 49 F.3d 1490, 1508 (11th Cir. 1995). A § 1983 action can be maintained against a supervisor, however, such a claim must show either that the supervisor personally participated in the alleged constitutional violation, or must show a causal connection between the actions of the supervisor and the constitutional violation. Id. Here, Plaintiff's complaint contains no such allegations with respect to Governor Perdue. In the absence of any showing of conduct attributable to Governor Perdue, he is entitled to be dismissed as a party to this action.

While the Court is satisfied that Governor Perdue is entitled to dismissal, Plaintiff's vague statements and confusing allegations against Defendants Cutchen and Yarbrough make it more difficult to determine the appropriateness of dismissal as to them. At this stage of the litigation it is not even clear to the Court whether these Defendants were acting as employees of the State or employees of Lowndes County

3

during the events in question. In such circumstances one option might be to direct Plaintiff to amend his complaint to clarify the claims and allegations sought to be raised by him. However, the pleadings already filed with the Court by Plaintiff persuade the Court that further amendment likely would be unhelpful. The Court is of the opinion that a different approach might be beneficial under the circumstances of this case. Therefore, the Court directs as follows:

Defendants' Motion to Dismiss is denied as to Defendants Cutchen and Yarbrough. These Defendants are directed to obtain copies of such documents as necessary to chronicle Plaintiff's arrest, conviction, and sentencing history in the State of Georgia, including any parole or probation history. Defendants are directed to file with the Court any documents they obtain that might serve to aid the Court in comprehending Plaintiff's allegations that he was subjected to illegal periods of parole and/or probation as a result of the unlawful conduct of these Defendants. After Defendants have filed the requested documents with the Court, Defendants may, if they deem it appropriate, file a motion for summary judgment with the Court. Defendants' motion for summary judgment may include such arguments as they deem warranted by the pleadings, including any arguments previously presented in their Motion to Dismiss.

In view of the foregoing, Defendants' Motion to Dismiss is granted, in part, and denied, in part. Defendant Sonny Perdue is hereby dismissed as a party to this action. Defendants Cutchen and Yarbrough are directed to comply with the directives

contained herein by not later than 30 days from the date of entry of this Order.

**SO ORDERED**, this the 5th day of February, 2008.

                                       *s/ Hugh Lawson*
                                       **HUGH LAWSON, JUDGE**

mls