# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **MARCUS DEMETRIUS MORGAN,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 7:07-cv-45 (HL) |
| **CHRIS YARBROUGH,** | : | |
| **JEFF CUTCHENS,** | : | |
| **SONNY PERDUE, Gov.,** | : | |
| Defendants. | : | |

## ORDER

In this case, pro se Plaintiff, Marcus Morgan, alleges that Defendants, Chris Yarbrough, Jeff Cutchens, and Governor Sonny Perdue, have violated his rights by illegally increasing the term of a criminal sentence imposed on him by the State of Georgia. Morgan paid his filing fee when he filed the complaint and is not proceeding in forma pauperis, nor is he incarcerated.

In response to the filing of the complaint, Defendants filed a "Special Appearance Motion to Dismiss" (Doc. 2), in which they asserted that Defendants Cutchens and Perdue had not been served but, nevertheless, moved for dismissal of all claims pursuant to Federal Rule of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim upon which relief can be granted). The Court granted the "Special Appearance Motion to Dismiss" as to Perdue but denied it as to Cutchens and Yarbrough.

In an effort to better understand the allegations made by Morgan, the Court directed Defendants to obtain copies of such documents as necessary to chronicle Plaintiff's arrest, conviction, and sentencing history in the State of Georgia. Defendants were also directed to file with the Court any documents that might serve to aid the Court in comprehending Plaintiff's allegations that he was subjected to illegal periods of parole and/or probation as a result of the unlawful conduct of Defendants. Defendants have now complied with the Court's Order (Doc. 9). Additionally, Defendants Cutchens and Yarbrough have filed a Motion for Summary Judgment (Doc. 10). Morgan has responded to the Motion for Summary Judgment (Doc. 15).[1] After consideration of the relevant materials, the Court directs as follows.

## Defendants Jeff Cutchens and Sonny Perdue

The Attorney General for the State of Georgia filed pleadings on behalf of Cutchens and Governor Perdue by "special appearance." In each pleading, the Attorney General alleges that Cutchens and Perdue have never been served. No motion directed at the question of service has been filed, however. Instead, the Attorney General's office initially filed the Special Appearance Motion to Dismiss on behalf of all three Defendants, and subsequently filed the Motion for Summary Judgment by special appearance on behalf of Cutchens and Yarbrough.

---

[1] Defendants have elected to treat Morgan's response to their Motion for Summary Judgment as a Motion for Summary Judgment. (Defs.' Reply, Doc. 16, at 1.) The Court does not view Morgan's response as a Motion for Summary Judgment and, therefore, will not address it in this Order except as a response brief.

Although this Court initially entertained the Attorney General's Special Appearance Motion, by addressing the Motion to Dismiss brought on behalf of Cutchens and Perdue (Order of Feb. 8, 2008), the Court believes that it was error to do so. As other courts have noted, without personal service of process a court is without jurisdiction over a defendant. Royal Lace Paper Works, Inc. v. Pest-Guard Prods., Inc., 240 F.2d 814, 816 (5th Cir. 1957).[2] *See also* Porfirio Ortis v. Pepe, No. C.A. 04-156 ML, 2005 WL 589604, at *1 (D.R.I. Feb. 28, 2005) (holding same). Thus, a court that has no jurisdiction over a defendant has no authority to rule on substantive motions such as those brought by Cutchens and Perdue in this case.[3] *See* Wortham v. Am. Family Ins. Co., No. C01-2067, 2002 WL 31128057, at *3 (N.D. Iowa Sept. 17, 2002) (holding that a district court has no authority to rule on a Rule 12(b)(6) motion brought by an unserved defendant). Therefore, this Court vacates those portions of the Court's Order of February 5, 2008, which address the Motions to Dismiss of Defendants Cutchens and Perdue, and strikes the Motion to Dismiss insofar as it is brought on behalf of Cutchens and Perdue. The Court also strikes the Motion for Summary Judgment insofar as it is brought on behalf of Cutchens.

---

[2] The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981). This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc. Id.

[3] Some statutes authorize dismissal before service and, therefore, provide a court with jurisdiction to decide substantive issues before service of process is complete. *See, e.g.,* 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A. None of these statutes appear to apply in this case, however.

Some courts are of the opinion that the proper way for a putative defendant to bring a challenge based on failure to effect service is pursuant to Rule 12(b)(2), for lack of personal jurisdiction. *See, e.g.,* Porfirio Ortis, 2005 WL 589604, at *1 (granting motion to dismiss brought pursuant to Rule 12(b)(2) where plaintiff failed to effect service on defendants). *See also* Austin v. Spaulding, No. Civ. A. 00-104T, 2001 WL 1842156, *1 (D.R.I. Mar. 5, 2001) (granting motion to dismiss under Rule 12(b)(2) where defendant was not properly served with process). Other courts use Rule 4(m) as a means of dealing with a failure to perfect service of process. *See, e.g.,* Wallace v. Fed. Judge of U.S. Dist. Court, Civil Action No. 06-5670 (NLH), 2008 WL 1803780, at *3 n.4 & n.5 (E.D. Pa. Apr. 21, 2008) (noting that a defendant cannot move to dismiss a complaint that is not yet served upon him and concluding that Rule 4(m) provides a basis for dismissal for failure to effect service in a timely manner).

As the Supreme Court of the United States has noted, "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104, 108 S. Ct. 404, 409 (1987). Here, Cutchens and Perdue have never conceded that service of summons has been satisfied, having raised the issue at every turn, albeit by "special appearance."[4] Morgan, on the other hand asserts that Cutchens

---

[4] The "special appearance" motion has been abolished under the Federal Rules of Civil Procedure and there is no longer a distinction between general and special appearances. *See, e.g.,* Prod. Promotions, Inc. v. Cousteau, 495 F.2d 483, 490 (5th Cir. 1974), *overruled on other grounds as recognized in* Hester Int'l Corp. v. Fed. Republic of Nigeria, 879 F.2d 170, 181 (5th Cir. 1989).

and Perdue have been properly served (Pl.'s Resp. Mot. Summ. J. at 1), but offers little to support his contention.[5] Therefore, before this Court can rule on the merits of the claims against Cutchens and Perdue, the question of service must be resolved.

The Federal Rules of Civil Procedure place the burden of proving service on the plaintiff. Specifically, Rule 4(l) states: "Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be made by affidavit." Fed. R. Civ. P. 4(l)(1). Neither an affidavit nor a waiver of service appears in the file for Cutchens or Perdue.

The Federal Rules of Civil Procedure require that service be accomplished within 120 days after a complaint is filed. Fed. R. Civ. P. 4(m). If service is not perfected within 120 days, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id. Given the directives of Rule 4(m), it appears to the Court that the appropriate course of action with regard to Defendants Cutchens and Perdue is to notify Morgan of the Court's intentions to dismiss these Defendants for failure to serve within the appropriate period and to give him an opportunity to prove

---

[5] In his response to the Motion for Summary Judgment, Morgan states that he served Cutchens and Perdue by mailing a copy of the complaint and a waiver of service of summons to each of them. (Pl.'s Resp. to Mot. Summ. J. at 7.) However, a defendant is not required to accept service by waiver, although failing to do so may result in the imposition of fees and expenses for the cost of personal service. Fed. R. Civ. P. 4(d)(2). Where a defendant declines to waive service of the summons, a plaintiff is responsible for personally serving the defendant. Schnabel v. Wells, 922 F.2d 726, 728 (11th Cir. 1991), *superseded on other grounds as stated in* Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 n.2 (11th Cir. 2005).

service or otherwise show good cause for his failure to timely serve. The Court declines to rule on any substantive motions as to these Defendants until the issue of service is resolved.

### Defendant Chris Yarbrough

A waiver of service appears in the file for Defendant Yarbrough, and, unlike Cutchens and Perdue, Yarbrough does not offer any challenge to service. Instead, Yarbrough maintains that Morgan is unable to show a deprivation of his federally protected rights, as required to maintain a claim under 42 U.S.C. § 1983. Morgan's allegations against Yarbrough appear to be that on February 25, 2002, Yarbrough, who was then Morgan's probation officer, "intentionally caused [a] clerical error" that resulted in Morgan serving more time in prison than was required under the terms of his sentence. (Compl. at 4.) Morgan thus appears to be alleging that Yarbrough's conduct served to violate his due process rights. To understand Morgan's argument, a review of his criminal history is necessary.

Morgan has several felony convictions. The first one that merits discussion is his conviction on September 25, 2000, for aggravated assault (Case No. 99-cr-223A, Superior Court of Lowndes County, Georgia). Morgan was given a sentence of eight years, two to serve in prison and six to serve on probation. Because Morgan had already served two years in jail, he was given credit for two years' confinement and immediately began to serve his six years of probation, which should have expired in early October of 2006. (Defs.' Special Appearance Resp. to Ct. Order at 3.)

While he was serving his probated sentence for aggravated assault, Morgan was arrested for the offense of possessing cocaine with intent to distribute (Case No. 2001-cr-930, Superior Court of Lowndes County, Georgia). Morgan was arrested on July 23, 2001, and, according to him, held in jail from the date of his arrest until his sentencing, which took place on February 1, 2002. (Compl., Doc. 1-2 at 3.) Morgan was sentenced to ten years, four to serve in prison, six to serve on probation.

Because of the 2002 conviction, Yarbrough moved to have Morgan's probation revoked in Case No. 99-cr-223A. On February 25, 2002, Yarbrough submitted a Motion to Amend Probated Sentence. The Motion to Amend contained an error in that it stated that on September 25, 2000, Morgan had been sentenced to "a term of Ten (10) years (2/6 split) on probation." (Defs.' Mot. Summ. J., Ex. 7 at 6, Doc. 10-10.) As already discussed, and contrary to the statement contained in the Motion to Amend, Morgan had actually been sentenced on September 25, 2000, to a term of *eight* years (2/6 split). (Defs.' Mot. Summ. J., Ex. 4 at 2, Doc. 10-7.) Yarbrough concedes there was an error in the Motion to Amend Probated Sentence. (Defs.' Special Appearance Resp. to Ct's Order at 4.) The Superior Court of Lowndes County, Georgia, granted the Motion to Amend Probated Sentence on February 26, 2002, and Morgan was subsequently confined to the Georgia Department of Corrections prison system.

Morgan was originally paroled on January 4, 2005. After he was paroled, Morgan committed three more criminal offenses. As a result of these offenses, Morgan was taken into custody on April 23, 2006, for parole violations. Morgan's parole was

revoked on June 21, 2006, by the State Board of Pardons and Paroles, apparently as a result of testimony provided by Defendant Cutchens at the revocation hearing. (*See* Cutchens Affidavit ¶ 3, Defs.' Mot. Summ. J., Ex 8, Doc. 10-11.) Morgan remained in prison until March 20, 2007, at which time he was released. He is currently serving a probationary sentence.

In his complaint, Morgan argued that his parole expiration date was July 23, 2005, and that Cutchens violated his rights by revoking his parole in June of 2006 and returning him to prison. (Compl. at 6.) According to Morgan, the four years to serve on his sentence in 2001-cr-930 should have been calculated from July 23, 2001, when he was arrested, and not February 1, 2002, when he was sentenced. He apparently contends, therefore, that the Parole Board did not have the authority to revoke his parole in June of 2006, after he committed the new offenses in April of 2006.

Even assuming that Morgan is correct, and his parole should have expired on July 23, 2005, Morgan has not directed the Court to any conduct on the part of Yarbrough, the probation officer, that resulted in the incorrect parole date. The wrongdoing which Morgan attributes to Yarbrough in his complaint–the incorrect date on the Motion to Amend Probated Sentence–is unrelated to the claimed error by the Parole Board in calculating Morgan's time served in confinement. Therefore, as to Morgan's allegations concerning the alleged error in calculating parole, Yarbrough is

entitled to summary judgment.[6]

Morgan also appears to argue, however, that Cutchens violated his rights when he set Morgan's new parole date, and reset his parole expiration date to September 24, 2008. (Pl.'s Resp. Br. at 1.) It is Yarbrough's conduct that is before the Court at this time because he is the only Defendant who appears to have been properly served. Therefore, the Court need not consider Morgan's allegations as to Cutchens. Morgan also appears to argue, however, that Yarbrough caused the illegal sentence "by increasing the expiration date from 7-23-05 to 9-25-08." (Compl. at 4.) Morgan also contends that Yarbrough was motivated to increase his sentence because he thought Morgan should have received a stiffer penalty on his drug conviction. (Compl. at 4.)

It is undisputed that the Motion to Amend Probated Sentence prepared by Yarbrough in 2002 contained an error in that it stated that the Superior Court of Lowndes County had sentenced Morgan "on September 25, 2000 to a term of Ten (10) years (2/6) split on probation" when, in fact, Morgan had been sentenced to a term of eight years. But it requires a gargantuan leap to conclude that the error contained in the Motion in 2002 caused the Board of Pardons and Paroles, and specifically

---

[6] Moreover, the Court is not persuaded that Morgan's parole should have expired on July 23, 2005, as he argues. Assuming for purposes of this Order that the four years to be served on 2001-cr-930 began to run on July 23, 2001, from the time Morgan was rearrested, only his time to be served on 2001-cr-930 would have expired on July 23, 2005. Morgan would still have had time remaining on 99-cr-223A, as that sentence was for a six-year period beginning on September 25, 2000. Even if Morgan's sentence in 2001-cr-930 expired on July 23, 2005, his sentence in 99-cr-223A did not expire until September or October of 2006.

9

Cutchens, to add two years to Morgan's term of confinement when it recalculated his parole in 2006.

In reviewing the Motion to Amend Probated Sentence, it is important to note two things: First, although the Motion indicated that Morgan had been sentenced to a term of ten years, it showed that the sentence was split on a 2/6 basis. Thus, the Motion said a term of ten years but correctly showed the term as eight years, split into two years to serve and six on probation.

Second, and perhaps more important, the Motion to Amend Probated Sentence was not intended to serve to alter the length of the sentence already imposed, but only served to alter the method by which the sentence could be served, in this case, from probation to confinement. The grant of the order had the effect of revoking the probation provisions contained in the original sentence and requiring that the remainder of the sentence be served in confinement, but it could not, and did not, increase the length of the sentence. *See* O.C.G.A. § 42-8-34.1 (LexisNexis Supp. 2007) ("If the violation of probation . . . is the commission of a felony offense, the court may revoke no more than *the lesser of* the balance of probation or the maximum time of the sentence authorized to imposed for the crime constituting the violation of the probation") (emphasis added). As Morgan had already served two years of his probation, the Motion to Amend had the effect, in 2002, of revoking the remaining four years of his probation; it did not serve as an amendment to the length of the sentence imposed on Morgan.

Given that a Motion to Amend could not be used to alter Morgan's sentence, and that the error attributed to Yarbrough was insubstantial, at best, it does not appear to the Court that Morgan has demonstrated a constitutional violation on the part of Yarbrough.  Moreover, even assuming for purposes of this Order that Morgan's parole was calculated incorrectly, no liability can reasonably attach to Yarbrough because of his error in 2002, for the parole board's miscalculations in 2005 or 2006.  The parole board is responsible for maintaining a complete record on any person who comes under the power of the board, and that record includes the nature and term of the individual's sentence.  O.C.G.A. § 42-9-41(a) (Michie 1997).  Furthermore, it is the parole board that has the power to set the terms and conditions of parole.  O.C.G.A. § 42-9-43(b) (Michie 1997).  Thus, the acts of the parole officer, or those within the parole board who make such determinations, in setting the expiration dates of Morgan's parole, served to break the chain of causation with respect to any error that might have flowed from the misstatement in Yarbrough's motion.

Yarbrough, as a probation officer, had no power to increase Morgan's sentence and no power to set the terms of Morgan's parole.  The Court finds that Morgan has failed to show that any conduct by Yarbrough served to violate his federally protected rights. Yarbrough's act of putting "Ten (10) years (2/6 split)" where he should have put "Eight (8) years (2/6 split)," does not give rise to a violation of a constitutional nature.  Therefore, the Motion for Summary Judgment is granted as to Defendant Yarbrough.

**Summary**

In view of the foregoing, the Court directs as follows:

1. The portion of the Court's Order of February 5, 2008, denying the Motion to Dismiss of Cutchens and granting the Motion to Dismiss of Perdue is vacated; that portion of the Motion to Dismiss filed on behalf of Cutchens and Perdue is stricken; that portion of the Motion for Summary Judgment filed on behalf of Cutchens is stricken.

2. The Motion for Summary Judgment is granted as to Defendant Yarbrough.

3. Morgan shall have until May 20, 2008, to prove that service was perfected as to Defendants Cutchens and Perdue, or to otherwise show good cause for his failure to timely serve. In this regard, the Court cautions Morgan that merely stating that he mailed Cutchens and Perdue copies of the complaint and waivers of service of summons will not be sufficient to establish service. If Morgan fails to respond as directed by this Order, this case shall stand dismissed.

**SO ORDERED**, this the 30th day of April, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls