# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **MARCUS DEMETRIUS MORGAN,** | : |
| Plaintiff, | : |
| v. | : Civil Action No. 7:07-cv-45 (HL) |
| **CHRIS YARBROUGH,** | : |
| **JEFF CUTCHENS,** | : |
| **SONNY PERDUE, Gov.,** | : |
| Defendants. | : |

## ORDER

In this case, pro se Plaintiff, Marcus Morgan, was directed to submit to the Court proof that service was perfected as to Defendants Jeff Cutchens and Sonny Perdue, or to otherwise show good cause for his failure to timely serve these Defendants. Morgan has responded to the Court's order by arguing that he served Defendants "with copies of a civil suit [] waiver of service of summon[s] under rule 4 of the federal rules of civil procedure." (Pl.'s Resp. at 1.) As the Court has previously advised Morgan, the mailing of a waiver of service and a summons, without more, is not service under the Federal Rules. Morgan has failed to provide the Court with an affidavit or other document establishing proof of service. Thus the Court finds that Morgan has failed to perfect service as to Defendants Cutchens and Perdue.

Apparently recognizing that he has failed to perfect service, Morgan contends his

failure to perfect service should be excused because, among other things, Defendants had notice of the suit, and the Court entertained their motions to dismiss. However, actual notice of a lawsuit "is not a substitute for proper service." In re City of Philadelphia Litigation, 123 F.R.D. 515, 519 (E.D. Pa. 1988). Thus, Morgan's assertion that service is satisfied because the parties had notice of the lawsuit is without merit.

Morgan also appears to contend that because the parties and the Court proceeded as though Perdue and Cutchens were served, there was no need for service. Morgan may be arguing that Defendants waived the defense of insufficient service of process. Morgan overlooks, however, that these Defendants raised the defense of insufficient service of process at every turn. Morgan, on the other hand, who is not incarcerated, has completely disregarded his obligations with respect to service.

Morgan was on notice as early as June 27, 2007, when Cutchens and Perdue filed their special appearance motions to dismiss, that these Defendants claimed they had not been properly served, yet he never took steps to perfect service. Morgan was again put on notice of Defendant Cutchens' contentions regarding service when Cutchens filed a special appearance motion for summary judgment. Despite these clear indications that Defendants challenged the sufficiency of service as to them, Morgan never acted to perfect service. Only after the Court directed Morgan to either establish that service was perfected or show good cause for his failure to do so, did Morgan request that he be given the opportunity to perfect service. (Pl.'s Resp. at 3.)

In view of the foregoing, the Court finds that Morgan has failed to serve

Defendants Cutchens and Perdue as required by the Federal Rules of Civil Procedure. The Court further finds that Morgan has failed to show good cause for his failure to serve within the time allotted by Federal Rule of Civil Procedure 4(m). Finally, because Morgan has failed to take any steps to correct the deficiencies of service, of which he was aware, the Court declines to exercise its discretion to extend the time for service of process, even in the absence of a showing of good cause. Plaintiff Morgan having failed to timely perfect service on Defendants Cutchens and Perdue, and there being no other Defendants remaining in this action, this action is dismissed without prejudice.

**SO ORDERED**, this the 24th day of March, 2009.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mls